Chief Justice Robertson
delivered the Opinion of the Court.
GreenbeRRv Tibbs was indicted for challenging Jonathan McNeel to fight with deadly weapons in single combat ; and on the trial, the proof was, that immediately after they had been quarrelling, Tibbs said to McNeel, u lam told you carry weapons for me — 1 loill fight you a duel with a pistol or a rifle, from one step to a hundred yards-’ Upon that proof, the jury found a verdict of not guilty.
The only question which we shall consider, is, whether the words which were proved,.amount to a challenge within the meaning of the act of assembly.
It is impossible to define, with precision, what words will, ex vi termini, import a challenge to fight a duel;, but we are of the opinion, that the words which have been quoted, do not necessarily amount to such a challenge as was contemplated by the penal statute of this stater
■ No words that should not be construed as a requisition, demand, or a request, to fight, should be deemed a challenge to single combat.
When the occasion and other accompanying circumstances are considered, the words which were proved in *525 ibis case, do not import, necessarily, or by clear implication, such a requisition, demand, or request; but rather evince only a willingness to fight, if McJSeel should desire such a rencounter.
Such words might amount to a misdemeanor, at common law, for they may be deemed an ‘■iinsmualion,'> of a desire to fight with deadly weapons, which might provoke such a combat, and which, therefore, is punishable as a nfisdemeanor. (1 Hauk. pleas of the Cr. c. 63. §3.) But Tibbs was not indicted for such a misdemeanor. And the jury, under all the circumstances, had a right to find that he had not been guilty under the act of assembly.
Wherefore, the judgment of acquittal is affirmed.